On petition to rehear.
Freeman, J.,
delivered the opinion of the court:
A petition is presented for rehearing in this case, based on error of fact in the opinion already delivered. It is that the sheriff’s certificate shows on its face that two-thirds *154 of the votes on the list furnished the sheriff, as required by the statute, had not voted for incorporation.
The facts are, that a list of ninety-six names was furnished the sheriff, fourteen of whom were marked “no voters.” Take these from the list, and this should he done, and .it leaves eighty-two voters on the list. The number of votes certified as voting for the corporation is fifty-four, which lacks one-third [two-thirds] of a vote of being two-thirds of eighty-two.
On former investigation, we took the calculation of the sheriff as correct, as the particular error was not pointed out in either of the briefs furnished by complainants. Each had the general objection that the return was void on its face, but as the specific error was not stated, our attention was not called to it, and finding the sheriff’s certificate was a literal copy of the one prescribed in the statute, we overlooked the error of one-third [two-thirds] of a vote. Correcting this error, the question is whether the complainants have made out a case for relief under the statute. Of this there can be no question, as we indicated in the former opinion. Ey the eighth section of 1877 [ch. 121; Shannon’s Code, see. 1897], amending the act of 1875 [ch. 92], it is expressly provided that no application or charter for such town shall be registered, or if registered, such application or charter shall be of no force or effect whatever, unless the certificate of the sheriff shall show that at least two-thirds of the voters on the list have voted in favor of the incorporation. The charter being of no force or effect whatever, the right of citizens sought to be incorporated to file this bill to prevent such incorporation, in violation of law being imposed on. them, is beyond question. The case of Morris v. Nashville, 6 Lea, 337-340, is conclusive of this question, as well as many other cases in' our books. The result is, the exceptions must be overruled, and the report of the referees approved, and the prayer of the petition allowed with costs.
*155 On application- to modify the decree as to costs, Freeman, J\, delivered the opinion of the court: .
An application is made, in this case, to change the taxation of costs against respondents. - We affirmed the decrees of the chancellor, who taxed the defendants with the costs, except Snsong & Smith, as to whom complainants had dismissed their hill. We see no reason whatever to change this decree. The defendants have a decree against them, on a point independent of any suggestion made by counsel in brief on this question. The decree is a proper one, and no equities appear in favor of respondents to change the general rule, that the losing party shall pay the costs. In fact, complainants’ [defendants’] counsel frankly admit that there was fraud on both sides. This admission is good against his parties, at least — and so these parties have no special claim to be relieved of the result of the case, the costs.